IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AZIZURAHMAN KAROKHI                                              PETITIONER

V.                                          CIVIL NO.  5:25-cv-00160-DCB-BWR

WARDEN, *Adams County Detention*                               RESPONDENT
*Center*

## ORDER SETTING BRIEFING SCHEDULE

This matter is before the Court *sua sponte.*  Petitioner, a native and citizen of Afghanistan, filed his Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in December 2025 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's (ICE) custody. Petitioner entered the United States illegally in January 2025 and was taken into ICE custody. ICE Decl. [8-1] at 1. On March 25, 2025, an immigration judge ordered that Petitioner be removed from the United States. ICE Decl. [8-1] at 1. According to the automated case information system provided by the U.S. Department of Justice's Executive Office for Immigration Review, Petitioner did not appeal the immigration judge's removal order. *See* acis.eoir.justice.gov (last visited June 16, 2026).

Nearly fourteen months have passed since Petitioner's removal order became final, and he has not been removed from the United States. "[T]he presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can

demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). Respondent filed a Response to the Petition on February 19, 2026, with a Declaration from a deportation officer who averred that, "[a]s of February 18, 2026, Petitioner's removal is pending scheduling." Decl. [8-1] at 2. Four months later, Petitioner is still detained, according to ICE's Online Detainee Locator System. *See* locator.ice.gov (last visited June 16, 2026). The Court requires a status update from Respondent regarding its efforts to remove Petitioner and shall set a briefing schedule regarding whether there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondent shall file a status update:

1. Including a Declaration from an official from Enforcement and Removal Operations; and

2. Specifically addressing the following: (1) the status of efforts to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondent's status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondent shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondent's response, Petitioner may file a reply.

SO ORDERED, this 16th day of June 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE